IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-202-BO

| | | |
|---|---|---|
| KATHERINE HILLIARD, <br> PLAINTIFF, | ) <br> ) <br> ) | |
| v. | ) <br> ) | **ORDER** |
| TOM VILSACK, Secretary, U. S. <br> Department of Agriculture, <br> DEFENDANT. | ) <br> ) <br> ) | |

Before the Court is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment [DE 71]. The Plaintiff has responded in opposition to the instant Motion, the Defendant has filed a Reply, and the Motion is ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Nine African-American and female farmers brought a class action on October 19, 2000, in the District Court for the District of Columbia, alleging that the United States Department of Agriculture ("USDA") discriminated against them on the basis of race and sex by denying them credit and other benefits under farm programs. The Putative Class sought relief under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), and the Fifth and Thirteenth Amendments to the Constitution (Compl. at ¶ 1.)

The United States requested additional time to answer, a stay, dismissal, and summary

1

judgment on March 25, 2002. The court, by an order dated March 31, 2003, stayed the entire action based upon related litigation, dismissed the Plaintiffs' claims under the APA, Title VI, and those relating to USDA's failure to investigate discrimination, and struck Plaintiffs' demand for a jury trial. On December 12, 2007, the Court entered an order denying Plaintiffs' motion to certify a class. After a status conference and motions, the District of Columbia Court transferred venue to this Court on March 17, 2009.

This Court lifted the stay previously entered and severed the distinct discrimination claims of the eight remaining Plaintiffs by an order entered May 13, 2010. On July 19, 2010, the Defendant filed a Motion to Dismiss the Complaint or, Alternatively, for Summary Judgment [DE 71]. That Motion is presently before the Court.

The Plaintiff has been substituted for the late Margie Brauer, a Caucasian female. As alleged in the Complaint, Brauer farmed in the area of Warren County, North Carolina, on land that "had been in her family for more than 100 years." The Complaint alleges that Brauer grew tobacco, corn, and soybeans. Plaintiff maintained approximately 50 dairy cows as well as a chicken egg production operation on nearly 400 acres of land in Warren County. The Complaint alleges that Brauer applied for annual operating loans from the USDA Farmers Home Administration ("FmHA") from 1981 to 1985. The Complaint alleges that the loans were issued late in the season, causing Brauer "to lose a substantial portions [sic] of the property rented due to the uncertainty of the availability of funds." (Compl. at ¶ 54.) The Complaint alleges that in late 1985, Brauer was informed that an operating loan would not be issued for the upcoming season. (*Id.*)

The Complaint further alleges that Brauer's requests for loan servicing were denied and

2

that requests for technical support and assistance were denied based upon her gender, in violation of regulations of the USDA and the Equal Protection Clause of the Constitution. The Complaint alleges USDA's denials forced Mrs. Brauer to file bankruptcy and take an off-farm job, and that she is entitled to damages of $1,375,000.

## DISCUSSION

A. <u>Dismissal Standard Under Rule 12(b)(6)</u>

Defendant has moved for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

i.   <u>Plaintiff's ECOA Claim</u>

Here, Defendant is entitled to a dismissal of Plaintiff's ECOA claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to sufficiently plead facts manifesting her plausible right to relief under the ECOA. The ECOA creates a private right of action against a creditor who "discriminate[s] against any application, with respect to any aspect of a credit transaction . . . on the basis of . . . sex . . . ." 15 U.S.C. § 1691(a)(1). Unlawful discrimination under the ECOA must be proven using one of three theories: (1) direct evidence of discrimination; (2) disparate treatment analysis; or (3) disparate impact analysis. *See, e.g., Shiplet v. Veneman*, 620 F. Supp. 2d 1203, 1223 (D. Mt. 2009) (citations omitted).

Rather than pursue a direct discrimination or disparate impact theory of discrimination, Plaintiff relies solely upon disparate treatment analysis.[1] For disparate treatment claims, the plaintiff must allege and come forward with circumstantial evidence that creates an inference to "shift the burden" to the defendant to defend the treatment. Disparate treatment analysis in the context of an ECOA violation is analogous to the framework outlined in *McDonnell Douglass Corp v. Green*, 411 U.S. 792 (1973), and its progeny. *See, e.g., Crestar Bank v. Driggs*, 1993 WL 198187, at *1 (4th Cir. June 11, 1993); *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1337 (M.D. Ala. 2003).

---

[1] Plaintiff incorrectly notes that Defendant "wrongfully assumes that plaintiff must allege direct statements of discrimination in order to be entitled to relief under ECOA and disparate treatment." (Pl.'s Br. at 8.) Plaintiff is incorrect. Defendant merely covered the waterfront of potential theories of liability for an ECOA violation. These distinct theories of liability include (1) direct evidence of discrimination, (2) disparate treatment discrimination, and (3) disparate impact discrimination. Defendant, in its instant Motion, correctly attempts to shoe-horn Plaintiff's allegations into one of these theories of liability, since Plaintiff failed to do so explicitly in the Complaint or otherwise.

4

If the plaintiff alleges and presents evidence to shift the burden, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory actions. While the intermediate evidentiary burden shifts under the disparate treatment analysis, the ultimate burden of persuasion as to discrimination remains with the plaintiff at all times. *See, e.g., Shiplet*, 620 F. Supp. 2d at 1232.

In ECOA disparate treatment cases, courts have framed the prima facie test as requiring plaintiffs to demonstrate:

(1) they are a member of a protected class;

(2) they applied for an extension of credit;

(3) they were rejected despite their qualifications; and

(4) others of similar credit stature were extended credit or were given more favorable treatment than plaintiffs.

*See, e.g., Cooley*, 280 F. Supp. 2d at 1339-40 (fourth element requires proof "that the defendant continued to approve loans or applicants outside of the plaintiff's protected class with similar qualification" because plaintiff must show similarly situated persons outside the class were treated differently).

Here, although the Complaint is sufficient with respect to the first two prima facie elements, it is devoid of any plausible substantive allegations establishing the third and fourth elements of an ECOA prima facie case. It is undisputed that Plaintiff was a member of a protected class and that she applied for an extension of credit or credit related services from the USDA. However, the Complaint fails to allege the last two elements of an ECOA disparate treatment case: that Plaintiff was rejected for an extension of credit despite her qualifications,

5

and that other similarly situated applicants, outside Plaintiff's protected class, were treated more favorably.

The Government specifically challenged the Plaintiff's disparate treatment claim and, unfortunately, the Plaintiff offered no intelligible, relevant response. This Court's searching review of the Complaint reveals no colorable allegations supporting the third prong of an ECOA disparate treatment claim, and the only evidence Plaintiff purports to offer in support of the fourth-prong is really no evidence at all.

With respect to the similarly-situated, fourth prong of an ECOA violation, the Plaintiff relies entirely on a March 30, 1987 letter from attorney James B. Craven, III as evidence that similarly situated non-female farmers were treated more favorably by the USDA than Plaintiff. Plaintiff argues that Craven's letter, "satisfies the similar-situated farmer requirement as Attorney Craven notes that no other properties similar to Margie Brauer's has sold in the 'Norlina area of Warren County' . . . [thus] signifying that no other white male farmers have been forced to sell the family farmland like Margie Brauer." Craven's letter, and specifically the provisions cited by Plaintiff, do little more than to comment on a declining real estate market. Contrary to Plaintiff's assertions, the letter does not support a finding that "similarly situated" non-female farmers have been treated more favorably than the Plaintiff. Plaintiff offers no other evidence on this critical element of her prima facie case.

Considering the third and fourth prongs of an ECOA prima facie case, in conjunction with Paragraphs 54-57 of Plaintiff's Complaint, it is the opinion of the Court that the Plaintiff has pled facts that are "merely consistent with" the USDA's liability for a violation of the ECOA, as opposed to facts which plausibly establish Plaintiff's right to recovery under the ECOA. But,

6

unfortunately for Plaintiff, the Supreme Court has held that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557) (internal quotations and brackets omitted). Plaintiff's minimal burden, at the pleading stage, is to come forward with more than a mere recital that "the failure to provide her loan servicing and technical assistance was in violation of the FmHA regulations . . . , denying her equal protection under the law because she is a woman [,] in violation of the United States Constitution and the laws and regulations enacted thereunder." (Compl. at ¶ 56.) Plaintiffs' bald recitations and unsupported legal conclusions render her Complaint subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

The ECOA claims purportedly asserted against Defendant are hereby dismissed because Plaintiff's allegations fail to allege either (1) direct statements of discrimination, (2) disparate impact discrimination, or (3) disparate treatment discrimination, any one of which might give rise to the Defendant's liability under the ECOA.

ii.  Plaintiff's Non-ECOA Claims

The Government has moved, under Federal Rule of Civil Procedure 12(b)(6), to dismiss the Plaintiff's remaining non-ECOA claims for failure to state a claim. Plaintiff's sole contention in response to the Government's Motion is that the Government's arguments are "feckless" and "without merit." How Plaintiff reaches this conclusion is unclear, however, because she fails to develop any argument or otherwise to direct the Court's attention to the problems with the Government's logic. Plaintiff's dismissive response fails to substantively address the specific and well-grounded legal challenges made by the Government in its Motion to

7

Dismiss.

Plaintiffs, as the Government rightly contends, present insufficient evidence establishing a plausible right to recovery under any non-ECOA theory of liability. At the pleading stage, the plaintiff is required to allege facts that support each of his various claims, rather than merely offering labels and conclusory allegations. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Here, the Complaint before the Court merely invokes various statutory and Constitutional provisions and then states, in bare and conclusory style, that Plaintiff is entitled to recover under those provisions. Plaintiffs' denudate pleading is ineffective since "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Considering the Complaint, the Defendant's instant Motion, as well as the Plaintiff's response in opposition, the Court finds that the Plaintiff has failed to plead a plausible right to relief under any of the non-ECOA claims. Defendant is entitled to dismissal of all non-ECOA claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment of the United States [DE 71] is GRANTED. The Clerk is directed to close the case.

DONE AND ORDERED.

This 2 day of February, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE